CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
October 01, 2025
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| Kelsey Rodriguez, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:25-cv-00093 |
| | ) | |
| Nancie Williams *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Plaintiff Kelsey Rodriguez, proceeding *pro se*, has applied for leave to proceed *in forma pauperis* in this action. (Dkt. 2.) She also has filed a petition for a writ of mandamus (Dkt. 3) and motions requesting emergency injunctive relief (Dkt. 4) and expedited review of her case (Dkt. 5).[1] One Defendant, David Downes, has filed a motion to dismiss Rodriguez's complaint. (Dkts. 6, 7.) This matter is before the court on those motions and this court's initial review of the complaint under 28 U.S.C. § 1915. The court finds that Rodriguez qualifies for *in forma pauperis* status and will grant her *in forma pauperis* application. However, Rodriguez's complaint does not state any claim on which relief may be granted, so the court will grant Downes's motion to dismiss, dismiss the entire complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and deny Rodriguez's other motions.

---

[1] Rodriguez has filed each motion separately on the docket, but each is identical to the document she filed as her complaint. The complaint includes her requests for a writ of mandamus, emergency injunctive relief, and expedited review.

## I.     Background

Rodriguez's claims arise from a child-custody dispute that was litigated in the Warren County, Virginia, Juvenile and Domestic Relations ("JDR") Court and the Warren County Circuit Court.[2] (*See* Compl. at 1–2 (Dkt. 1).) Rodriguez alleges that those courts ignored a custody action she had filed in Spotsylvania County, Virginia, and held unlawful proceedings that resulted in a judgment granting custody to the child's paternal grandmother and "a child support order against [Rodriguez]." (*Id.* at 1.) She also alleges that a guardian *ad litem* named David Silek and an attorney named David Downes engaged in misconduct during the state-court proceedings. (*Id.* at 2.) Rodriguez names six defendants: Judge Nancie Williams of the Warren County JDR Court; Judge Daryl Funk of the Warren County Circuit Court; Silek; Downes; Natalie Johnson, the child's paternal grandmother; and Dajour Neal, the child's father. (*Id.* at 1.) She alleges claims for due process violations under 42 U.S.C. § 1983, civil rights conspiracy under 42 U.S.C. § 1985, defamation and slander, intentional infliction of emotional distress, fraud and legal malpractice, and declaratory relief under the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA") and Parental Kidnapping Prevention Act ("PKPA"). (*Id.* at 2.)

In addition to seeking monetary damages, Rodriguez requests emergency injunctive relief to "[h]alt enforcement of Warren County custody orders" and prohibit Defendants from withholding her child. (*Id.* at 3.) She also petitions this court to issue a writ of mandamus

---

[2] Rodriguez previously filed a similar complaint against some of the same parties in the United States District Court for the Eastern District of Virginia. (*See* Dkt. 1-2.) That court dismissed her complaint without prejudice on April 30, 2025, after concluding that venue was improper in the Eastern District of Virginia and the allegations in the complaint failed to state any cognizable claim. (*Id.* at 2–4.)

compelling the Warren County JDR and Circuit Courts to vacate their custody orders. (*Id.* at 2.) She asks the court to review her complaint and motions on an expedited basis. (*Id.* at 3.)

On September 12, 2025, David Downes filed a motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). (Dkts. 6, 7.)

## II.     Analysis

After allowing a plaintiff to proceed *in forma pauperis*, the court must "dismiss the case at any time" if it determines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). "Dismissals on these grounds are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Apart from § 1915(e)(2)(B)(ii), a federal court must dismiss an action "[i]f the court determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3); *see Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

The standards for reviewing a complaint under § 1915(e)(2)(B)(ii) are the same as those that apply when a defendant moves to dismiss under Rule 12(b)(6). *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The court must accept all well-pleaded factual allegations as true and view the complaint in the light most favorable to the plaintiff. *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To state a plausible claim, the plaintiff must allege more than "labels and conclusions" or "naked assertion[s]" unsupported by "further factual enhancement." *Id.* (quoting *Twombly*,

550 U.S. at 555, 557). The court liberally construes pleadings filed by a *pro se* party. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

The allegations in Rodriguez's complaint fall well short of satisfying the Rule 12(b)(6) pleading standard. Her causes of action are merely legal conclusions. She does not describe how Defendants violated the legal rights she alleges, and it is not even clear which claims she intends to allege against which Defendants. Many of Rodriguez's factual allegations are similarly conclusory, and the limited facts alleged do not support any plausible claim for relief.

As alleged, Rodriguez's claims against Judge Williams and Judge Funk are also subject to dismissal for lack of subject matter jurisdiction. In a recent decision, the Fourth Circuit held that a federal court lacks subject matter jurisdiction to hear claims against judges for acts taken in their "adjudicatory capacity rather than as an enforcer or administrator." *Frazier v. Prince George's Cnty, Md.*, 140 F.4th 556, 562 (4th Cir. 2025) (internal quotation marks omitted). In those circumstances, there is no justiciable controversy because the plaintiff and judge are not "adverse litigants" under Article III of the United States Constitution. *Id.* To the extent that Rodriguez's claims against the two state-court judges stem from decisions they made when adjudicating the child-custody dispute—as it appears they do—the claims do not form a justiciable controversy this court may review. Further, this court lacks the authority to vacate the state courts' judgments, which is the primary form of relief Rodriguez seeks. (*See* Compl. at 2–3.) Because a federal district court has no statutory authority to hear appeals from state-court decisions, it cannot exercise subject matter jurisdiction over claims that complain of injuries caused by an earlier state-court judgment and seek to vacate that judgment. *See T.M. v. Univ. of Md. Med. Sys. Corp.*, 139 F.4th 344, 348–49 (4th Cir. 2025). Rodriguez's claims against

Judge Williams and Judge Funk fit that bill. If Rodriguez wishes to challenge their prior judgments, she must file an appeal in the appropriate state court.

### III.  Conclusion

For the reasons stated above, the court will **GRANT** Rodriguez's application to proceed *in forma pauperis* (Dkt. 2). The court will **GRANT** Downes's motion to dismiss (Dkts. 6, 7) and will **DISMISS** Rodriguez's entire complaint **without prejudice** under 28 U.S.C. § 1915(e)(2)(B)(ii). The court will **DENY** Rodriguez's petition for a writ of mandamus (Dkt. 3) and motions requesting emergency injunctive relief (Dkt. 4) and expedited review (Dkt. 5).

An appropriate Order shall accompany this Memorandum Opinion.

**ENTERED** this  1st  day of October, 2025.

_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE